Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
**GLANCY PRONGAY WOLKE & ROTTER LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Cory Burnell, BP Investment LLC, and Blueprint Moderate Portfolio LP*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORY BURNELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLACKROCK TCP CAPITAL CORP., RAJ VIG, PHIL TSENG, and ERIK L. CUELLAR,<br><br>Defendants. | Case No. 2:26-cv-01102-AB-DFM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CORY BURNELL, BP INVESTMENT LLC, AND BLUEPRINT MODERATE PORTFOLIO LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Date: May 8, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 7B - 7th Floor<br>Judge: Hon. Andre Birotte Jr. |

Cory Burnell, BP Investment LLC, and Blueprint Moderate Portfolio LP ("The Burnell Group"), submits this memorandum of law in support of their motion to appoint The Burnell Group as Lead Plaintiff and to approve Glancy Prongay Wolke & Rotter LLP ("GPWR") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel pursuant to Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of investors who purchased BlackRock TCP Capital Corp. ("BlackRock TCP" or the "Company") securities between November 6, 2024 and January 23, 2026, inclusive (the "Class Period").

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that The Burnell Group is the "most adequate plaintiff" as defined by the PSLRA.

The Burnell Group has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, The Burnell Group satisfies the relevant requirements of Rule 23, as its claims are typical of other Class members' claims, and it is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, The Burnell Group respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, The Burnell Group's selection of GPWR and Holzer as Co-Lead Counsel for the Class should be

approved because the firms collectively have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.      FACTUAL BACKGROUND

BlackRock TCP is a business development company which raises funds from investors and then use those funds to make loans to small and midsize businesses as an alternative to bank financing. BlackRock TCP then seeks to generate returns through a combination of contractual interest payments on its debt investments, origination and similar fees, and, to a lesser extent, equity appreciation. The Company's typical investments are in middle-market companies, which it generally defines as those with enterprise values between $100 million and $1.5 billion.

The complaint filed in the above-captioned action alleges that throughout the Class Period the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose to investors: (1) the Company's investments were not being timely and/or appropriately valued; (2) the Company's efforts at portfolio restructuring were not effectively resolving challenged credits or improving the quality of the portfolio; (3) as a result, the Company's unrealized losses were understated; (4) as a result, the Company's net asset value ("NAV") was overstated; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On February 27, 2025, before the market opened, the Company issued a press release announcing financial results for the fourth quarter and year ended December 31, 2024. The press release disclosed that the Company's portfolio had significantly weakened during the 2024 fiscal year. Specifically, the press release revealed the number of portfolio companies on non-accrual status had more than doubled, and as a result, debt investments on non-accrual status at cost increased by 289% (from 3.7% to 14.4% of the portfolio). Moreover, the press release revealed that the

Company's NAV had fallen 22.44% year over year to $9.23 per share. Total losses, both realized and unrealized, were revealed to have ballooned to $194,895,042 for the fiscal year, a 186% increase year over year, in large part due to a newly added $72.3 million net unrealized loss within the fourth quarter. Despite this, the press release alleged the NAV of the Company was accurate at $9.23 per share, and that "the vast majority of [the Company's] portfolio continued to perform well," and the Company was "working closely with [its] borrowers and sponsors to resolve the portfolio issues."

On this news, the Company's stock price fell $0.90, or 9.64%, to close at $8.44 per share on February 27, 2025, on unusually heavy trading volume.

On January 23, 2026, after market hours, BlackRock TCP disclosed certain fourth quarter and full year 2025 financial results, including that the Company's NAV per share as of December 31, 2025 was, in fact in the range of $7.05 to $7.09, 19% less than reported the prior quarter and 23.4% less than reported the prior year.

On this news, BlackRock TCP's stock price fell $0.76, or 12.97%, to close at $5.10 per share on January 26, 2026, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, Burnell and members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Burnell Group Should Be Appointed As Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interests of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, The Burnell Group has complied with all the PSLRA's requirements and satisfies all of the PSLRA's criteria to be appointed lead plaintiff. The Burnell Group, to the best of its knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, The Burnell Group respectfully submits that it should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### 1.  Cory Burnell Filed The Complaint And The Burnell Group Has Filed A Timely Motion

Cory Burnell filed the complaint in this action. Moreover, on February 3, 2026, notice was published in connection with the action. *See* Declaration of Charles H. Linehan in Support of the Motion of Burnell for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel ("Linehan Decl."), Ex. A. Therefore, any member of the class had sixty days (*i.e.*, until April 6, 2026), to file a motion to be appointed as Lead Plaintiff. As a purchaser of BlackRock TCP securities during the

Class Period, The Burnell Group is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice in compliance with the first PSLRA requirement. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Burnell (individually and as sole owner of BP Investment LLC, which is the sole general partner of Blueprint Moderate Portfolio LP) attests that he has reviewed the complaint, adopts the allegations therein, and that The Burnell Group is willing to serve as a representative of the Class. *See* Linehan Decl., Ex. B.[1] Accordingly, The Burnell Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. The Burnell Group Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires that courts adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

At the time of this filing, The Burnell Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff." The Burnell Group purchased BlackRock TCP securities and was impacted by Defendants' misstatements and omissions, suffering financial harm of approximately $410,854.12 as a result thereof. *See* Linehan Decl., Ex. C. To the best of its knowledge, The Burnell Group is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, The Burnell Group believes it has the largest financial interest in

---

[1] Upon further review of Mr. Burnell's transactions in preparation for this motion, it was discovered that BP Investment LLC's transactions were mistakenly attributed to Mr. Burnell, personally, in his certification filed with the initial complaint. The certification filed with this motion corrects the mistake.

the relief sought by the Class, and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

**3. The Burnell Group Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)).

**a) The Burnell Group's Claims Are Typical**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). A proposed lead plaintiff's claims are typical of the class

when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23, a lead plaintiff's "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, The Burnell Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, The Burnell Group suffered losses as a result of its BlackRock TCP transactions during the Class Period. Like all members of the Class, The Burnell Group alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning BlackRock TCP's operations and financial prospects. The Burnell Group's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of BlackRock TCP's stock price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, The Burnell Group's interests and claims are typical of the interests and claims of the Class.

### b)    The Burnell Group Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Accordingly, "[t]he Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, The Burnell Group easily satisfies the adequacy requirements. Its financial interest demonstrates that it has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [it is] antagonistic to other members of the class or [its] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, The Burnell Group has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Exs. D and E (GPWR and Holzer firm résumés). Cory Burnell received a B.A. in Economics and Mathematics from UC Santa Barbara and an MBA from the University of Texas at Tyler. He has been managing his investments since 1999 and is currently a hedge fund portfolio manager and business consultant. Mr. Burnell is the sole owner of BP Investment LLC, which is the sole general partner of Blueprint Moderate Portfolio LP. The Burnell Group is not aware of any conflict between its claims and those asserted on behalf of the Class. As such, The Burnell Group is adequate to represent the Class, and should be appointed as lead plaintiff.

**B.      The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, The Burnell Group has retained GPWR and Holzer to pursue this litigation on his behalf and will retain the firms as co-lead counsel in the event Burnell is appointed as lead plaintiff. GPWR recently obtained final approval of a $433.5 million settlement on behalf of Alibaba Group Holding Limited investors, and final approval of a $120 million settlement on behalf of ViacomCBS Inc. investors. The firm's success on behalf of investors was recognized by Law360, which named GPWR one of the 2025 Law360 Securities Groups of the Year. Moreover, the firms have a strong history of working cooperatively together; for instance, within the last six months GPWR and Holzer served as co-lead counsel in

a securities case against Spirit Aerosystems Holdings, Inc., successfully obtaining final approval of an almost $30 million settlement on behalf of investors. As reflected by the firm's résumés, attached to the Linehan Declaration as Exhibits D and E, the Court may be assured that, by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve The Burnell Group's selection of counsel.

## IV.   CONCLUSION

For the foregoing reasons, The Burnell Group requests that the Court grant his Motion and enter an Order: (1) appointing The Burnell Group as Lead Plaintiff; (2) approving GPWR and Holzer as Co-Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  April 6, 2026

Respectfully submitted,

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By:   */s Charles H. Linehan*

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Cory Burnell, BP Investment LLC, and Blueprint Moderate Portfolio LP and Proposed Co-Lead Counsel for the Class*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Cory Burnell, certifies that this brief contains 2,788 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 6, 2026                     *s/ Charles H. Linehan*
                                        Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 6, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 6, 2026, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan