Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Matthew Zuliani and Thea Zuliani*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY BURNELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLACKROCK TCP CAPITAL CORP., RAJ VIG, PHIL TSENG, and ERIK L. CUELLAR,<br><br>Defendants. | Case No. 2:26-cv-01102-AB-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>**CLASS ACTION**<br><br>Judge: Hon. André Birotte Jr.<br>Hearing Date: May 8, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7B, 7th Floor |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

ARGUMENT ......................................................................................................6

I.    THE ZULIANIS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS .................................................................................................6

    A.    The Zulianis Have The Largest Financial Interest In The Relief Sought By The Class ..............................................................................6

    B.    The Zulianis Satisfy Rule 23 ...................................................................8

II.   THE BURNELL GROUP FAIL TO SATISFY THE PSLRA'S REQUIREMENT FOR APPOINTMENT AS LEAD PLAINTIFF UNDER RULE 23 ....................................................................................9

    A.    Burnell's Apparent Past Securities Industry Misconduct Render The Burnell Group An Inadequate Fiduciary To Represent The Interests Of The Class ................................................................................9

    B.    The Burnell Group's Lack Of Candor In Burnell's PSLRA Certification Disqualifies Them .......................................................12

    C.    Burnell's Certification Error Renders The Burnell Group Inadequate .................................................................................................12

III.  THE ZULIANI'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED ....................................................14

CONCLUSION ....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                             **Page(s)**

*Apple v. LJ Int'l Inc.*,
    No. CV 07-6076 GAF, 2008 WL 11343371 (C.D. Cal. Feb. 8, 2008) ...............8

*Bhojwani v. Pistiolis*,
    No. 06 Civ. 13761(CM)(KNF),
    2007 WL 9228588 (S.D.N.Y. July 31, 2007)....................................................13

*Buttonwood Tree Value Partners, LP v. Sweeney*,
    No. SACV10-00537-CJC(MLGx),
    2010 WL 11469217 (C.D. Cal. Aug. 16, 2010) ....................................................9

*Camp v. Qualcomm Inc.*,
    No. 18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) .........13

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ..............................................................................8

*In re Century Aluminum Co. Sec. Litig.*,
    No. C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009) .......................9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012)................7

*Clifton v. Willis*,
    No. 22-cv-03161-DDD-JPO, 2024 WL 1508832 (D. Colo. Mar. 5, 2024) .........5

*In re Countrywide Fin. Corp. Sec. Litig.*,
    273 F.R.D. 586 (C.D. Cal. 2009)........................................................................9

*In re Diamond Foods, Inc., Sec. Litig.*,
    281 F.R.D. 405 (N.D. Cal. 2012)........................................................................7

*Karp v. Diebold Nixdorf, Inc.*,
    No. 19 Civ. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019).......13, 14

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ..............................................................7

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002)......................................................................10

ii

*In re Oxford Health Plans, Inc., Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................10

*Pace v. Quintanilla*,
  No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) .........7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche
  & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................10

*Query v. Maxim Integrated Prods.*,
  558 F. Supp. 2d 969 (N.D. Cal. 2008) ....................................................................7

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...............7

*Rodriguez v. DraftKings Inc.*,
  No. 21 Civ. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) .........13

*Romero v. Growlife, Inc.*,
  No. 2:14-cv-3015-CAS(JEMx),
  2014 WL 3734543 (C.D. Cal. July 23, 2014)........................................................8

*Sneed v. AcelRx Pharms., Inc.*,
  No. 21-cv-04353-BLF, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021) .............12

*In re Surebeam Corp. Securities Litigation*,
  No. 03 CV 1721JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) ...........11

*In re Terayon Commc'ns Sys., Inc.*,
  No. C 00-01967 MHP, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004) ................12

*Zemel Fam. Tr. v. Philips Int'l Realty Corp.*,
  205 F.R.D. 434 (S.D.N.Y. 2002) ...........................................................................10

**Statutes**

15 U.S.C. § 78u-4(a) ...............................................................................2, 8, 14

**Other Authorities**

Anne Cullen, *More Judges Are Demanding Diversity Among Class
  Counsel*, Law360 (July 16, 2020)..........................................................................15

iii

**MATTHEW ZULIANI AND THEA ZULIANI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**Case No. 2:26-cv-01102-AB-DFM**

Fed. R. Civ. P. 23(a)(4) ...................................................................................................9

Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020) ........................................................15

iv

Matthew Zuliani and Thea Zuliani ("the Zulianis") respectfully submit this memorandum of law in opposition to the competing lead plaintiff motions and in further support of their motion for an Order: (1) appointing the Zulianis as Lead Plaintiffs in the above-captioned action; (2) approving the Zulianis' selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.[1]

**INTRODUCTION**

On April 6, 2026, three motions by shareholders of BlackRock TCP Capital Corp. ("BlackRock TCP" or the "Company") were timely filed with this Court to be appointed lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA.  *See* ECF No. 14 (Cory Burnell ("Burnell"), Blueprint Moderate Portfolio LP ("Blueprint"), and BP Investment LLC ("BP Investment") (together, the "Burnell Group")); ECF No. 16 (Michael Echlin and Dianne Echlin (the "Echlins")); and ECF No. 19 (Matthew Zuliani and Thea Zuliani (the "Zulianis"). Each movant argued that they should be appointed lead plaintiff on the grounds that they had the largest losses and otherwise met the adequacy and typicality requirements of Fed. R. Civ. P. 23.  *See* ECF No. 15 at 3-8 (the Burnell Group); ECF No. 16-1 at 7-10 (the Echlins[2]); and ECF No. 19-1 at 8-11 (the Zulianis). As

---

[1]    All capitalized terms not defined herein have the same meaning as those terms in the Memorandum of Points and Authorities in Support of Matthew Zuliani and Thea Zuliani's Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel ("Opening Brief"). ECF No. 19-1.  All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted. The "Omoto Decl." is defined as the Declaration of Lisa T. Omoto in Support of Matthew Zuliani and Thea Zuliani's Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel.  ECF No. 19-2.

[2]    On April 17, 2026, the Echlins, who reported lesser approximate LIFO losses than the Zulianis of $58,683.00, filed a notice acknowledging that ". . . it appears that at least one movant asserts larger financial interests in the relief sought by the class than the Echlins." ECF No. 23.

1

**MATTHEW ZULIANI AND THEA ZULIANI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**Case No. 2:26-cv-01102-AB-DFM**

discussed below, only the Zulianis meet both requirements under the PSLRA and should be appointed Lead Plaintiffs.

Congress established a **presumption in favor** of appointment as Lead Plaintiff the movant who demonstrates the "largest financial interest in the relief sought by the class" and who makes a prima facie showing that the class member satisfies the PSLRA's procedural requirements and Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff will not fairly and adequately protect the class interest or will be subjected to "unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

With losses of **$726,028.54**, the Zulianis clearly possess the largest financial interest in the Action compared to the other remaining Lead Plaintiff movants. The movant with the next largest loss, the Burnell Group, reported losses of only $410,854.12.[3]  The third place movants - Michael Echlin & Dianne Echlin – reported estimated losses of only $58,683.00.[4]

This Court should therefore adopt the presumption provided by the PSLRA that the Zulianis are the most adequate Lead Plaintiffs and appoint them Lead Plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[3]   *Compare* ECF No. 15 (the Burnell Group's opening brief) at 5 and supporting documents at ECF No. 17-2 (the Burnell Group's PSLRA Certifications) and ECF No. 17-3 (the Burnell Group's Loss Chart) *with* Opening Brief 2, 8 and supporting documents at ECF No. 19-2 (Ex. B, the Zulianis' PSLRA Certifications and Ex. C, the Zulianis' Loss Chart).

[4]   *Compare* ECF No. 16-1 (the Echlins' opening brief) at 5 and supporting documents at ECF No. 17-2 (Ex. 2, the Echlins' PSLRA Certifications) and ECF No. 17-2 (Ex. 3, the Echlins' Loss Chart) *with* Opening Brief 2, 8 and supporting documents at ECF No. 19-2 (Ex. B, the Zulianis' PSLRA Certifications and Ex. C, the Zulianis' Loss Chart).

2

**MATTHEW ZULIANI AND THEA ZULIANI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**Case No. 2:26-cv-01102-AB-DFM**

The Zulianis also meet Rule 23's typicality and adequacy requirements.  The Zulianis are U.S. citizens residing in San Pedro, California and each have decades of professional experience in the marine and boating industry.  Ex. B, ECF No. 19-2, Ex. D ¶¶ 2, 5, 7, 9.  The Zulianis also make all of their own investment decisions (*id.* ¶¶ 6, 10) and understand the duties and responsibilities of being Lead Plaintiff, including the fiduciary duties owed to the class.  *Id.* ¶ 12.

The Burnell Group—who have the second-most losses—fail to meet Rule 23's adequacy requirement because a member of its group, Burnell, has an extensive history of misconduct in the securities industry, which he failed to disclose upfront to the Court in his opening lead plaintiff motion papers.  According to an Investment Advisor Public Disclosure filed with the Securities and Exchange Commission, which appears to be for Mr. Burnell, he was the subject of *nine customer complaints* for allegedly making unsuitable investment recommendations.[5]  According to this filing, Burnell and his investment firm's customers sought a whopping $7.87 million in damages and the matters settled for just over $1.7 million.  Opp'n Ex. 1 at 12-25.  The customer complaints prompted a regulatory examination by the California Department of Business Oversight, which resulted in a consent order directing Burnell and Blueprint Wealth Partners, LLC,[6] Burnell's investment advisory entity, to "desist and refrain from further violations of the [Corporate Securities Law of 1968 (Corp. Code, § 25000 et

---

[5]    Ex. 1 to the Decl. of Lisa T. Omoto in Further Supp. of Matthew Zuliani and Thea Zuliani's Mot. for Appointment as Lead Pls. and Approval of  Lead Counsel, filed herewith ("Opp'n Ex. 1").

[6]    Based on a background search conducted by the Zulianis' counsel, Burnell appears to be a manager and registered agent of Blueprint Wealth Partners, LLC.

3

**MATTHEW ZULIANI AND THEA ZULIANI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**Case No. 2:26-cv-01102-AB-DFM**

seq.)]" (the "Consent Order").[7]  Opp'n Ex. 2 at 4.  The Consent Order found that Burnell and Blueprint Wealth Partners, LLC:

- Recommended and failed to supervise unsuitable investments to clients causing investors to lose "millions of dollars" in violation of Corporations Code section 25238 and California Code of Regulations, title 10, section 260.238, subdivision (a) (*Id.* at 2);
- Failed to maintain minimum net worth requirements and reporting of net worth to the Commissioner, in violation of California Code of Regulations, title 10, section 260.237.2, subdivision (c), and 260.241.2, subdivision (d) (*Id*. at 3);
- Mischaracterized distributions to former partners, commingled income and expenses with a third party, and failed to adhere to Generally Accepted Accounting Principles ("GAAP"), thereby failing to maintain accurate books and records in violation of Corporations Code section 25241 and California Code of Regulations, title 10, sections 260.241.2, subdivision (a)(3), and 260.241.3 (*id.*); and
- Failed to file annual reports, in violation of California Code of Regulations, title 10, section 260.241.2 (*id.*).

The Consent Order also imposed significant sanctions on Burnell and his investment company, underscoring the serious nature of his conduct:

- A revocation of Blueprint Wealth Partners, LLC's investment adviser certificate (*id.* at 4);

---

[7]     Ex. 2 to the Decl. of Lisa T. Omoto in Further Supp. of Matthew Zuliani and Thea Zuliani's Mot. for Appointment as Lead Pls. and Approval of Lead Counsel, filed herewith ("Opp'n Ex. 2").

4

- Burnell's suspension "from any position of employment, management or control of any investment adviser, broker-dealer or commodity adviser, and officer, director, partner, employee of, or person performing similar function for, an investment adviser, or any other person for a period of one year commencing on the [e]ffective [d]ate of this Consent Order" (*id.*);

- A period of "[h]eightened [s]upervision [where], Burnell may serve only as a non-supervisory employee, and not as an owner, manager or control person of the investment adviser, broker-dealer or commodity adviser" and was prohibited from "trad[ing] options or leveraged instruments, including exchange traded funds." (*id.* at 5);

- Additional "training regarding the trading of options and leveraged instruments" and "complete the Series 4 exam through FINRA" (*id.*);

- The requirement that Burnell "provide written notification . . . to all existing clients detailing the terms of this Consent Order." (*id.* at 6).

The Burnell Group's lack of candor with the Court about Burnell's prior misconduct further demonstrates the Burnell Group's inability to be forthcoming with the Court and precludes them from serving as a representative of aggrieved investors. *See e.g. Clifton v. Willis*, No. 22-cv-03161-DDD-JPO, 2024 WL 1508832, at *3-4 (D. Colo. Mar. 5, 2024), *report and recommendation adopted*, No. 1:22-cv-03161-DDD-JPO, 2024 WL 1508831 (D. Colo. Mar. 26, 2024) ("If not for the Betebenners' [competing lead plaintiff movant] investigation, the Court may have never learned of [the movant's] past legal issues. Indeed, it's unclear to the Court whether [the movant's] counsel was aware of his history when the Motion was filed. The Court finds this troubling.").

The Burnell Group further demonstrated that it is inadequate under the PSLRA to serve as lead plaintiff because Burnell has filed conflicting PSLRA Certifications. He filed a PSLRA Certification on February 3, 2026 with his original complaint claiming to have made certain transaction in BlackRock on his own individual account. *See* ECF No. 1, Page ID#: 41.  He now has claimed, in the Burnell Group's lead plaintiff motion papers, that 49 of those transactions were made by BP Investment LLC. *See* ECF No. 15 at 5 n.1.

At bottom, the Zulianis are the most adequate shareholders who suffered the largest losses on their investments in BlackRock TCP and respectfully request this Court grant their Motion to be appointed Lead Plaintiffs and approve their selection of the Faruqi Firm to act as Lead Counsel.

## ARGUMENT

### I.   THE ZULIANIS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS

As described in their Opening Brief, the Zulianis have met all of the PSLRA requirements to be appointed Lead Plaintiffs in this case.

The Zulianis timely filed a motion to be appointed lead plaintiffs. *See* ECF No. 19.  Further, as demonstrated in their opening motion papers, the Zulianis have the largest financial interest in the outcome of the case and otherwise satisfy Rule 23. Opening Brief 7-11.

#### A.   The Zulianis Have The Largest Financial Interest In The Relief Sought By The Class

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares

6

purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)); *Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson*, 2007 WL 1129344, at *4 ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Juniper*, 2012 WL 78780, at *4 ("Courts applying the *Olsten* test generally place the greatest emphasis on the last of these factors[,]" *i.e.*, approximate losses).

As illustrated in the table below, the Zulianis are indisputably the movants with the largest financial loss:

| Movant(s) | Total Shares Acquired | Net Shares Acquired | Net Funds Expended | Losses |
|---|---|---|---|---|
| Matthew & Thea Zuliani | 427,422 | 180,448 | $1,405,338.45 | $726,028.54 |

7

| The Burnell Group | 315,442 | 315,442 | $1,754,411.72 | $410,854.12 |
| Michael & Dianne Echlin | 12,100 | 12,100 | $110,350.00 | $58,683.00 |

Given that the Zulianis assert the largest financial losses among the movants by a substantial margin, the Zulianis are entitled to invoke the PSLRA's "most adequate plaintiff" presumption.

**B.      The Zulianis Satisfy Rule 23**

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001).

The Zulianis' claims are clearly typical of the Class's claims.  The Zulianis acquired BlackRock TCP securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possess claims against Defendants under the federal securities laws.  Because the factual and legal bases of the Zulianis' claims are similar to those of the Class's claims, they necessarily satisfy the typicality requirements. *See Romero v. Growlife, Inc.*, No. 2:14-cv-3015-CAS(JEMx), 2014 WL 3734543, at *2 (C.D. Cal. July 23, 2014) ("Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical."); *Apple v. LJ Int'l Inc.*, No. CV 07-6076 GAF (JWJx), 2008 WL 11343371, at *5 (C.D. Cal. Feb. 8, 2008) (finding movant's claims typical of the class where movant purchased stock during the class period when the value was inflated due to defendants' alleged misrepresentations).

8

The Zulianis will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The requirement of adequacy is satisfied on proof of: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See Buttonwood Tree Value Partners, LP v. Sweeney,* No. SACV10-00537-CJC(MLGx), 2010 WL 11469217, at *3 (C.D. Cal. Aug. 16, 2010); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) ("The two key inquiries [of adequacy] are (1) whether there are conflicts within the class; and (2) whether plaintiffs and counsel will vigorously fulfill their duties to the class.").

As evidenced by the representations in Zulianis' certifications and declaration, *see* Exs. B and D (ECF No. 19-2), the Zulianis' interests are perfectly aligned with—and by no means antagonistic to—the Class.  *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *4 (N.D. Cal. Sept. 8, 2009).  The Opening Brief contains information about the Zulianis, their work, and their experience investing, clearly demonstrating their adequacy to represent class members. Opening Brief 8-10.

## II.   THE BURNELL GROUP FAIL TO SATISFY THE PSLRA'S REQUIREMENT FOR APPOINTMENT AS LEAD PLAINTIFF UNDER RULE 23

### A.   Burnell's Apparent Past Securities Industry Misconduct Render The Burnell Group An Inadequate Fiduciary To Represent The Interests Of The Class

Based on the background information provided by Burnell, the Zulianis' counsel conducted a background search for Burnell and his investment advising entities.  The investigation revealed a troubling history of securities industry

9

misconduct, raising significant questions about Burnell's ability to adequately represent and supervise a class of aggrieved investors in a securities fraud class action.

"A class representative, once designated by the Court, is a fiduciary for the absent class members." *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998). "[H]onesty and trustworthiness are relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class[.]" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 416 (S.D.N.Y. 2004).

Understandably then, courts preclude movants from serving as class representatives who have previous "violations of securities laws" because it "raise[s] concerns about [their] moral character" and demonstrates inadequacy. *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504 (S.D. Fla. 2002); *Zemel Fam. Tr. v. Philips Int'l Realty Corp.*, 205 F.R.D. 434, 436-37 (S.D.N.Y. 2002) (finding a movant's violations of securities laws that subjected him to a cease and desist order and sanctions "shows that he does not meet the standards of a fiduciary who will fairly and adequately protect the interests of the class he seeks to represent.").

Here, Burnell and his investment advisory firm, Blueprint Wealth Partners LLC, faced *multiple* customer complaints filed with the Financial Industry Regulatory Authority ("FINRA") that led to a regulatory examination and a 2019 Consent Order requiring they "refrain from *further violations of [Corporate Securities Laws] . . . .*" and imposing sanctions including suspensions, license revocations, and heightened supervision.  Opp'n Ex. 2 at 4.  Burnell's misconduct included:

**MATTHEW ZULIANI AND THEA ZULIANI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**Case No. 2:26-cv-01102-AB-DFM**

- Recommending and failing to supervise unsuitable, high-risk investments that ignored clients' risk tolerance and objectives (*id.*);

- Failing to maintain executed investment management agreements for all clients (*id.* at 3);

- Failing to prepare records in GAAP (*id.* at 2);

- Mischaracterizing distributions to former partners (*id.* at 3);

- Comingling of income and expenses with a third-party (*id.*);

- Failing to meet the net worth requirement necessary to have discretionary authority over client funds and failing to notify the Commissioner of such failure (*id.*); and

- Failing to file annual reports with the Commissioner since Blueprint Wealth Partners LLC's inception (*id.*).

*In re Surebeam Corp. Securities Litigation*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) is squarely on point. There, a movant was found "incapable of serving as lead plaintiff" after its principal representative had his "National Association of Securities Dealers . . . membership terminated" because of complaints from "securities regulators [for] misrepresentation, unauthorized trading in client accounts, and use of unsuitable investment." *Id.* The court agreed that the movant was "incurably tainted by securities industry misconduct," and would therefore be unable to "fairly and adequately protect the interests of the class." *Id.*

On this basis alone, the Burnell Group's lead plaintiff application should not be considered.

11

## B.    The Burnell Group's Lack Of Candor In Burnell's PSLRA Certification Disqualifies Them

Burnell's apparent, extensive securities industry misconduct is disqualifying for the additional reason that he failed to disclose it in either of his two PSLRA certifications.  ECF Nos. 1 and 17-2.  Indeed, the fact that the Burnell Group failed to file a client declaration *altogether* suggests the Burnell Group's counsel knew of Burnell's misconduct and deliberately withheld it from the Court.  This sort of conduct reflects a lack of candor and inability to be forthcoming with the Court.

Courts in the Ninth Circuit have found a movant's prior legal disputes disqualifying, particularly where the movant failed to notify the court of such matters in its PSLRA certification.  *See Sneed v. AcelRx Pharms., Inc.*, No. 21-cv-04353-BLF, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021) ("Dupre's prior offenses, combined with his lack of candor to his attorney and the Court, lead the Court to conclude that Dupre is an inadequate class representative[.]"); *In re Terayon Commc'ns Sys., Inc.*, No. C 00-01967 MHP, 2004 WL 413277, at *4, *9 (N.D. Cal. Feb. 23, 2004) (removing lead plaintiffs from their positions due to lack of candor in their certifications).

## C.    Burnell's Certification Error Renders The Burnell Group Inadequate

Burnell's failure to accurately report his transactions in the PSLRA certification he attached to the initial complaint (ECF No. 1) further demonstrates the Burnell Group's inadequacy.  Specifically, Burnell attested—under penalty of perjury—to placing *49 purchase orders* of BlackRock TCP securities that were actually placed by BP Investment LLC, *a separate entity with its own account that later appeared as a movant*.

12

Lead plaintiff motions are routinely denied where a movant submits an inaccurate PSLRA certification, particularly when the inaccuracy "str[ikes] at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation." *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, No. 19 Civ. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019); *see, e.g.*, *Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (errors in transactions records and loss calculations prohibit a movant from satisfying the adequacy and typicality requirements of Rule 23); *Bhojwani v. Pistiolis*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (finding group member's discrepancies in loss submissions, while small relative to group's holdings, "indicate[d] a certain carelessness about detail that undermines the adequacy of Mr. Cole (and his associated group) as a lead plaintiff").

Beyond Burnell himself, the other two members of the Burnell Group—two investment funds including the fund whose trades were falsely attributed to Burnell—and their counsel should have performed a cursory review of Burnell's loss chart and addressed the error. That they allowed over two months to pass without taking any steps to correct this obviously false sworn certification, acknowledging it in only a footnote in their lead plaintiff motion papers, speaks volumes about their lack of diligence, cavalier approach to their obligations as a fiduciary, and inadequacy as Class representatives.

Courts have refused to appoint movants as lead plaintiff where such errors were corrected even sooner. *See e.g. Rodriguez v. DraftKings Inc.*, No. 21 Civ. 5739 (PAE), 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) (declining to

13

appoint as lead plaintiff movant who corrected inaccurate trade information three days after errors were brought to movant's attention by competing movant); *Karp*, 2019 WL 5587148, at *6 (movant found inadequate where it took them two weeks to correct misstated losses).

## III. THE ZULIANI'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Zulianis are entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

The Zulianis have selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned[8] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Opening Brief 11-14; Ex. E, Faruqi Firm resume (ECF No. 19-2).

Further, the Faruqi Firm currently serves as lead counsel in several prominent securities class actions. *See, e.g., Salem v. Methode Electronics, Inc.*, No. 1:24-cv-07696 (N.D. Ill.) (appointed sole lead counsel for the class); *Wayne v. Maxeon Solar Techs., Ltd.*, No. 24-cv-03869-EMC (N.D. Cal.) (appointed sole lead counsel for the class); *Labelle v. Future FinTech Group, Inc.*, No. 2:24-cv-00247-JXN-JSA (D.N.J.) (appointed sole lead counsel for the class); *Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc. shareholders); *Johnson v. Luminar Techs., Inc.*, No. 6:23-cv-982-JSS-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 3:21-cv-09585-AMO (N.D. Cal.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident &*

---

[8] *See* Ex. F (ECF No. 19-2).

14

*Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[9]  Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-attorneys.

**CONCLUSION**

Accordingly, the Zulianis respectfully request that the Court: (1) appoint the Zulianis as Lead Plaintiffs for the Action; (2) approve their selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 17, 2026                    Respectfully submitted,

By: /s/ *Lisa T. Omoto*
                                Lisa T. Omoto

**FARUQI & FARUQI, LLP**
Lisa T. Omoto SBN 303830
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884

---

[9]  *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

15

**MATTHEW ZULIANI AND THEA ZULIANI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
Case No. 2:26-cv-01102-AB-DFM

Facsimile: 424-256-2885
E-mail: lomoto@faruqilaw.com

James M. Wilson, Jr. (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiffs Matthew Zuliani and Thea Zuliani and [Proposed] Lead Counsel for the Class*

16

## CERTIFICATION UNDER LOCAL RULE 11-6.1

The undersigned, counsel of record for Proposed Lead Plaintiffs Matthew Zuliani and Thea Zuliani, certify that this brief contains 4, 033 words, which complies with the word limit of L.R. 11-6.1.

Date: April 17, 2026                                FARUQI & FARUQI, LLP

By: */s/ Lisa T. Omoto*
       Lisa T. Omoto