Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
**GLANCY PRONGAY WOLKE & ROTTER LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Cory Burnell, BP Investment LLC, and Blueprint Moderate Portfolio LP*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORY BURNELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLACKROCK TCP CAPITAL CORP., RAJ VIG, PHIL TSENG, and ERIK L. CUELLAR,<br><br>Defendants. | Case No. 2:26-cv-01102-AB-DFM<br><br>**CORY BURNELL, BP INVESTMENT LLC, AND BLUEPRINT MODERATE PORTFOLIO LP'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Date: May 8, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 7B - 7th Floor<br>Judge: Hon. Andre Birotte Jr. |

The Burnell Group[1] submits this reply memorandum of law in further support of its motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 14), and in response to the opposition to its motion filed by the Zulianis (Dkt. No. 25, "Zuliani Opp."). The Burnell Group should be appointed as lead plaintiff and its selection of counsel should be approved because it has the largest financial interest, and the Zulianis have failed to rebut the presumption that The Burnell Group is the most adequate plaintiff to represent the class.

## I. THE BURNELL GROUP IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE IT HAS THE LARGEST FINANCIAL INTEREST

The Burnell Group has the largest financial interest because it expended the most funds, acquired the most net shares, and has the largest recoverable loss:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Loss |
|---|---|---|---|---|
| The Burnell Group | 315,442 | **315,442** | **$1,741,634** | **$410,854** |
| The Zulianis | **427,422** | 180,448 | $1,405,339 | $354,889 |
| The Echlins | 12,100 | 12,100 | $110,350 | $58,813 |

The Zulianis continue to claim a loss of $726,028 in their opposition memorandum (*see* Zuliani Opp. at 7-8), but less than half that figure is actually recoverable. *See* Burnell Opp. at 3-5. *Dura* dictates that the Zulianis' claimed losses on shares they purchased and then sold prior to any corrective disclosure are not recoverable. *See id.* at 3. However, the Zulianis offer no explanation in their opposition memorandum as to why their unrecoverable losses should still count towards their financial interest. There is no plausible basis, and such losses should be excluded from their loss calculation. Once unrecoverable losses are excluded, the Zulianis loss is revealed to be just $354,889, which is smaller than The Burnell

---

[1] All capitalized terms herein shall have the same definition as in The Burnell Group's opposition memorandum (Dkt. No. 24, "Burnell Opp.").

Group's loss of $410,854. Since The Burnell Group has the largest loss, the most net shares purchased, and the largest net expenditure, The Burnell Group has the largest financial interest.

Since The Burnell Group also filed a timely motion and made the required preliminary showing that it satisfies the requirements of Rule 23 in its opening motion (*see* Dkt. No. 15 at 7-9), The Burnell Group is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.    THE PRESUMPTION THAT THE BURNELL GROUP IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The presumption that The Burnell Group is the most adequate plaintiff may be rebutted only upon "proof" that The Burnell Group "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Speculative assertions are insufficient. *Murdeshwar v. Searchmedia Holdings Ltd.*, 2010 WL 11556544, at *1 (C.D. Cal. Dec. 15, 2010) (holding "mere speculation" was insufficient to rebut the most adequate plaintiff presumption). The Zulianis have failed to rebut the presumption.

As an initial matter, that the Zulianis deemed it necessary to attack The Burnell Group's adequacy is a tacit admission that the Zulianis do not have the largest financial interest. The lead plaintiff selection process is sequential. If the Zulianis had the largest financial interest, they would be appointed as lead plaintiff, and The Burnell Group's adequacy would be irrelevant. The Burnell Group's adequacy is only relevant if the Zulianis have a smaller financial interest than The Burnell Group, and therefore must rebut the presumption that The Burnell Group is the most adequate plaintiff.

Here, the Zulianis attempt to rebut the presumption that The Burnell Group is the most adequate plaintiff on two bases. First, the Zulianis argue that Mr. Burnell's prior Consent Order renders him inadequate to represent the class. *See* Zuliani Opp.

at 9-11. However, courts overwhelmingly hold that civil matters in which the movant did not engage in fraud or other dishonesty is not disqualifying, especially when the primary conduct at issue is more than 10 years old. Second, the Zulianis assert that The Burnell Group is inadequate on the basis that The Burnell Group filed a corrected certification. *See* Zuliani Opp. at 12-14. However, inadvertent errors that are subsequently corrected are not disqualifying. For these reasons, explained further *infra*, the Zulianis have failed to rebut the presumption that The Burnell Group is the most adequate plaintiff to be appointed as lead plaintiff.

### A.    The Consent Order Does Not Render Mr. Burnell Inadequate

"Most courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical or even illegal conduct." *See Chupa v. Armstrong Flooring, Inc.*, 2020 WL 1032420, at *3-*4 (C.D. Cal. Mar. 2, 2020)  (citation omitted) (appointing a lead plaintiff who was formerly convicted of armed bank robbery); *see also In re: Facebook Priv. Litig.*, 2016 WL 4585817, at *6 (N.D. Cal. Sept. 2, 2016) (a "single felony embezzlement conviction" did not disqualify class representative); *Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944, 950 (N.D. Ill. 2007) ("[w]hether Monsky was in fact sanctioned by [the National Association of Securities Dealers]" does not "bear[] upon . . . his qualifications to represent the class"). The same result is warranted with respect to Mr. Burnell—a non-criminal settlement with the California Commissioner of Business Oversight does not render Mr. Burnell inadequate.

Certain types of past criminal convictions can make a lead plaintiff inadequate "only in a 'few instances where issues of credibility' were raised by '***confirmed examples of past dishonesty such as fraud or a criminal conviction*** *for an offense that requires proof of dishonesty*." *Armstrong Flooring*, 2020 WL 1032420, at *3 (emphasis added). Here, however, Mr. Burnell was not convicted of any crime. Moreover, while the Consent Order penalized Mr. Burnell for things like failing to maintain and file proper records, selecting investments that were too risky, and failing

to properly separate income and expenses, the Consent Order notably ***does not claim that Mr. Burnell engaged in any fraud or dishonesty***. As such, the Consent Order does not indicate that Mr. Burnell engaged in the type of conduct that can render a movant inadequate.

Moreover, the fact that the Consent Order stems from complaints filed against Mr. Burnell in October through December of 2015, and one on April 6, 2016—more than 10 years ago—further underscores its irrelevance to his adequacy in this case. *See* Consent Order at 2 ¶¶ G, H; *Labelle v. Future FinTech Grp., Inc.*, 2024 WL 4275226, at *6 (D.N.J. Sept. 24, 2024) (appointing movant where the alleged bad acts "are twelve years old" and "concluded long before the class period in this case").

The Zulianis also cannot credibly claim that the conduct outlined in the Consent Order is related to the specific facts and claims in this case—namely that BlackRock TCP was misvaluing its investments, and that its net asset value was overstated from November 6, 2024 to January 23, 2026. *See Gamboa v. KISS Nutraceuticals*, 2025 WL 1088066, at *9 (D. Colo. Apr. 2, 2025) (the conduct "must generally bear some relevance to the litigation, such as . . . inconsistent testimony on material issues in the litigation . . . .") (citation omitted); *Mejia v. DHL Express (USA), Inc.*, 2016 WL 9450680, at *10 (C.D. Cal. Feb. 25, 2016) (appointing a class representative whose prior bad acts were not "relevant to the conduct at issue in this case"). For these reasons, the Zulianis have failed to prove that the Consent Order renders Mr. Burnell inadequate.

The Zulianis' authority to the contrary is inapposite. The Zulianis claim that the out-of-District, 22 year old case, *In re Surebeam Corp. Securities Litigation*, 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) is "squarely on point." Zuliani Opp. at 11. It is not. The *Surebeam* court disqualified a lead plaintiff movant who, among other things, was "subject to over sixty complaints to securities regulators including [for] misrepresentation" and where there was an open question as to "whether these accusations involve Surebeam securities." *See Surebeam*, 2004 WL 5159061, at *7.

Here, in contrast, the complaints against Mr. Burnell do not accuse him of dishonesty or "misrepresentations." *See* Dkt. No. 25-2 (claiming instead that he provided "unsuitable recommendations to invest in inverse leveraged exchange traded funds"). Moreover, the Zulianis do not allege that these complaints relate to BlackRock TCP securities in any way. *Surebeam* does not apply here. Moreover, even if the facts in *Surebeam* were similar to the facts here, *Surebeam* should be rejected in favor of more recent in-District authority. *E.g.*, *Armstrong Flooring*, 2020 WL 1032420.

**B.    The Burnell Group Has Not Demonstrated A "Lack of Candor"**

The Zulianis accuse Mr. Burnell of a "lack of Candor" because Mr. Burnell "failed to disclose [the Consent Order] in either of his two PSLRA certifications." Zuliani Opp. at 12. However, the idea that such disclosures are required in PSLRA certifications is entirely made up by counsel for the Zulianis. The PSLRA requires that plaintiffs affirm 6 specific statements (*see* 15 U.S.C. § 78u-4(a)(2)(A)) which Mr. Burnell affirmed in both certifications. *See* Dkt. No. 1 at 26; Dkt. No. 17-2. The PSLRA does not require that Mr. Burnell provide all background facts about himself which other movants may wield against him (contrary to the law of this District) to claim he is inadequate. Mr. Burnell was not obligated to highlight the Consent Order, and its existence does not render him inadequate.

Moreover, the Consent Order and the record of complaints against Mr. Burnell are public information. The PSLRA places the burden on the Zulianis, not Mr. Burnell, to "prove" that Mr. Burnell is inadequate in order to rebut the presumption that The Burnell Group is the most adequate plaintiff. The Zulianis identified the Consent Order, and raised it as a potential adequacy issue. While the Zulianis are incorrect on the law, the PSLRA process is playing out as intended. Mr. Burnell did not violate the PSLRA by leaving it to the Zulianis to choose to raise the Consent Order if they thought it disqualifying.

Accusations of a "lack of candor" are inaccurate, overwrought, and misplaced.

**C.    The Inadvertent Error In Mr. Burnell's Initial Certification Does Not Render Him Inadequate**

Courts routinely appoint lead plaintiffs with errors in their original certifications, if inadvertent. *Malriat v. QuantumScape Corp.*, 2021 WL 1550454, at *5 (N.D. Cal. Apr. 20, 2021) (appointing movant were "[t]here is no indication" that errors were "done in bad faith" or "intentionally misleading"); *Banerjee v. Avinger, Inc.*, 2017 WL 4552063, at *3 (N.D. Cal. Oct. 11, 2017) (appointing movant that "corrected the error in reply" and where "there is no indication that the error was committed in bad faith"); *In re SLM Corp. Sec. Litig.*, 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012) ("Courts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties."); *Silverberg v. DryShips Inc.*, 2018 WL 10669653, at *3 (E.D.N.Y. Aug. 21, 2018) (same). The same result is warranted here with respect to The Burnell Group.

The Zulianis are correct that in Mr. Burnell's original certification, filed with the complaint, attributed transactions to his own account that were actually made in the account of BP Investment LLC. However, the Zulianis do not claim that this error was intentional or that Mr. Burnell is attempting to leverage some advantage from the misclassification. There is no advantage. As explained in The Burnell Group's motion, "Mr. Burnell is the sole owner of BP Investment LLC." *See* Dkt. No. 15 at 9. The LLC is a vehicle through which Mr. Burnell invests. The fact that some of Mr. Burnell's transactions were in his investment vehicle account rather than his personal account was a fact simply missed by his counsel when filing the complaint in this action, and then subsequently discovered when preparing Mr. Burnell's lead plaintiff motion. When the error was discovered, it was promptly corrected. Such errors are not disqualifying, especially when promptly corrected upon discovery. *See Blake v. Canoo Inc.*, 2022 WL 599504, at *7 (C.D. Cal. Feb. 18, 2022) ("[M]inor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule

23's adequacy requirement.") (citation omitted); *see also Pampena v. Musk*, 2023 WL 3082341, at \*3 (N.D. Cal. Apr. 24, 2023) (similar, appointing a movant that "failed to include all his shares in his initial PSLRA certification").

\*      \*      \*

The Zulianis have failed to rebut the presumption that The Burnell Group is the most adequate plaintiff to be appointed as lead plaintiff. Accordingly, The Burnell Group should be appointed as lead plaintiff, and the Zulianis' lead plaintiff motion is not entitled to further consideration. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

## III.   CONCLUSION

For the foregoing reasons, The Burnell Group respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of Glancy Prongay Wolke & Rotter LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the class, and deny the competing motions.

DATED:  April 24, 2026          Respectfully submitted,

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By: */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010

Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Cory Burnell, BP Investment LLC, and Blueprint Moderate Portfolio LP and Proposed Co-Lead Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Cory Burnell, certifies that this brief contains 2,206 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 24, 2026                           <u>*s/ Charles H. Linehan*</u>
                                                Charles H. Linehan

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 24, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 24, 2026, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan
